**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| DYNAMIC APPLET TECHNOLOGIES, LLC, | |
| Plaintiff, | **Civil Action No. _____** |
| v. | |
| HOLLISTER CO., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dynamic Applet Technologies, LLC ("DYNAMIC" or "Plaintiff"), for its

Complaint against Defendant Hollister Co. (referred to herein as "Hollister" or "Defendant"),

alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.   Plaintiff DYNAMIC is a limited liability company organized under the laws of the

State of Texas with a place of business at 17440 N Dallas Parkway, Suite 230, Dallas, Texas

75287. DYNAMIC is wholly-owned subsidiary of Parallel Networks, LLC, a Texas limited

liability company ("PARALLEL").

3.      Upon information and belief, Hollister is a corporation organized and existing

under the laws of Ohio, with a place of business at 6301 Fitch Path, New Albany Ohio 43054.

Upon information and belief, Hollister sells and offers to sell products and services throughout

the United States, including in this judicial district, and introduces products and services that

perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7.      This Court has personal jurisdiction over the Defendant under the laws of the State of Texas, due at least to their substantial business in Texas and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of Texas. Further, venue is proper in this district because Defendant has a regular and established place of business in this district. For instance, Defendant has multiple store locations in this judicial district. For example, Defendant has a store location at 6121 West Park Blvd., Ste B113, Plano, TX 75093. *See, e.g.*, https://www.hollisterco.com/webapp/wcs/stores/servlet/StoreLocator?catalogId=10201&langId= -1&storeId=10251.

## BACKGROUND

### The Invention

8.      Keith A. Lowery is the inventor of the U.S. Patent No. 6,446,111 ("the '111 Patent"). The '111 Patent resulted from the pioneering research of Mr. Lowery in the area of website scalability and  how websites could more efficiently and quickly process very large volumes of website visitor requests for web pages.  Mr. Lowery's research resulted in the

development of a method and apparatus for client-server communication involving a dynamically generated, transient applet in the late-1990s.  At the time of Mr. Lowery's research, the most widely implemented website technology used to process  requests for web pages was client-server architecture.  In that type of system, when website visitors' requests for web pages were received, websites would process those requests on the website's page servers and then return the requested web page to the client. Mr. Lowery conceived of the inventions claimed in the '111 Patent as a way to off-load the processing of requests for web pages from the website's page servers to the client's computers through the use of dynamically generated applets.

9.      For example, Mr. Lowery developed a method of processing data comprising, receiving a data request from a client device at a server system over a communications link; collecting on the server a plurality of data items in response to the data request; generating an executable applet dynamically in response to the data request, a constituent system associated with the applet including a subset of the data items therein as pre-loaded values; wherein a further constituent system associated with the executable applet comprises a data interface capability configured to provide a plurality of operations on the pre-loaded values, the operations comprising operations associated with the subset of the data items; and transferring the applet to the client device.

10.      Figure 1 (FIG. 1) of the '111 Patent set forth below, is a block diagram of a client-server system which illustrates the methods claimed in the '111 Patent.



11.     Figure 2 (FIG. 2) of the '111 Patent set forth below, is a block diagram showing further details of a client-server system constructed to perform the methods claimed in the '111 Patent.



FIG. 2

12.      Figure 3 (FIG. 3) of the '111 Patent set forth below, is a flow chart which illustrates the operation of a client-server system constructed to perform the methods claimed in the '111 Patent.

## FIG. 3



### Advantage Over the Prior Art

13.    The patented invention  disclosed in the '111 Patent, provides many advantages

over the prior art, and in particular improved the operations of computers and computer

networks. *See* '111 Patent at col. 2, ll. 55 – col. 3, ll. 22. One advantage of the patented invention

is that it allows for the decrease of the total amount of data transferred between a client and a server thus allowing for increased speed and efficiency. *See* '111 Patent at col. 3, ll. 11-17.

14.     Another advantage of the patented invention is that it allows the client using a computing device that has limited storage capabilities to initiate and complete the transaction without having to load and store a variety of support programs that may be required by the server. *See* '111 Patent at col. 2, ll. 67 – col. 3, ll. 5.

15.     Another advantage of the patented invention is that resources of the client device can be freed by discarding the applet after the transaction. *See* '111 Patent at col. 3, ll. 6-10.

16.     Yet another advantage of the patented invention is the efficiency created by the avoidance of transmitting duplicate data. *See* '111 Patent at col. 3, ll. 17-23.

17.     Because of these significant advantages that can be achieved through the use of the patented invention, DYNAMIC believes that the '111 Patent is widely implemented. Indeed, the patented invention can be used for a variety of websites in many diverse businesses, including movie, clothing, automobiles, and general and specialty retailers along with entities providing services such as banking, auction, design, travel, and entertainment services.

**<u>Technological Innovation</u>**

18.     The patented invention disclosed in the '111 Patent resolves technical problems related to the transmission of information between a server and client, particularly problems related to the utilization of web page software on client devices connected to web servers.  As the '111 Patent explains, one of the limitations of the prior art as regards the transmission of information was that many applications required multiple, data-intensive transfers of information between the server and the client device. *See* '111 patent, cols. 1-2.

19.     The claims of the '111 Patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '111 Patent recite inventive concepts that are deeply rooted in computer technology, and overcome problems specifically arising  out of how to more quickly and efficiently scale websites to handle very large volumes of requests for web pages through the creation and implementation of dynamically generated applets.

20.     In addition, the claims of the '111 Patent recite inventive concepts that improve the functioning of software applications on client devices, particularly web pages running on web servers the contents of which are accessed by a request from a client device.

21.     Moreover, the claims of the '111 Patent recite inventive concepts that are not merely routine or conventional use of networking techniques.  Instead, the patented invention disclosed in the '111 Patent provides a new and novel solution to specific problems related to improving the transmission of information over computer networks in view of the constraints of the transmission network.

22.     And finally, the patented invention disclosed in the '111 Patent does not preempt all the ways that applets may be used to improve the transmission of web page information, nor does the '111 Patent preempt any other well-known or prior art technology.

23.     Accordingly, the claims in the '111 Patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

**Prior Litigation**

24.     The '111 Patent was previously litigated in this District (6-09-cv-00154; 6-10-cv-00111; 6-10-cv-00112; 6-10-cv-00275; 6-10-cv-00474; 6-10-cv-00491; 6-10-cv-00506; 6-11-cv-

00098; 6-11-cv-00422; 6-11-cv-00631; 6-12-cv-00018; 6-12-cv-00374) and appeals to the Federal Circuit Court of Appeals (2012-1227; 2015-1681; 2016-1944) (collectively "Prior Litigation").

25.     The scope and construction of the claims of the '111 Patent have been clarified by the Prior Litigation.

### COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,446,111

26.     The allegations set forth in the foregoing paragraphs 1 through 25 are incorporated into this First Claim for Relief.

27.     On September 3, 2002, the '111 Patent was duly and legally issued by the United States Patent and Trademark Office under the title "Method and apparatus for client-server communication using a limited capability client over a low-speed communications link[.]"  A true and correct copy of the '111 Patent is attached as Exhibit A.

28.     DYNAMIC is the assignee and owner of the right, title and interest in and to the '111 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

29.     Upon information and belief, the Defendant has and continues to directly infringe one or more claims of the '111 Patent by making, using, and/or providing and causing to be used products, specifically one or more web pages that utilized executable applets, which by way of example include https://www.hollisterco.com/shop/wd (the "Accused Instrumentalities").

30.     Upon information and belief, Defendant has directly infringed at least claim 17 of the '111 Patent by making, using, and/or providing and causing to be used one or more computers or servers that transmit information utilizing one or more executable applets. Collectively, the computers or servers are referred to herein as the "Accused Instrumentality".

31.     Upon information and belief, the Accused Instrumentality performs a method for processing data.

32.     Upon information and belief, the Accused Instrumentality includes a website such as 'https://www.hollisterco.com/shop/wd' that is hosted on a server that is coupled to a communications link (e.g., the Internet) and is operable to receive a request from a client device (e.g., a computer) accessing the website.

33.     Upon information and belief, the server collects a plurality of data items, *e.g.*, data necessary to generate a web page including data necessary to respond to the specific client request.  One non-limiting example of a plurality of data items collected as a function of the request is the information collected in response to the client's request for the web page 'https://www.hollisterco.com/shop/wd/p/long-sleeve-t-shirt-dress-10279232?categoryId=12600&seq=01&ofp=true'. This specific information includes data items such as 'Long-Sleeve T-Shirt Dress', '188175_04', 'A sporty T-shirt dress made with supersoft knit fabric, featuring a crew neckline and stripes, Imported', 'Online Exclusive', 'S', etc. referenced from line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1).

34.     Upon information and belief, an executable applet is dynamically generated in specific response to the request, *e.g.*, by selecting data responsive to the request. For example, one or more applets are returned by the Accused Instrumentality (that can include existing code and prewritten procedures) that are suitable for execution on the client. One non-limiting example of an executable applet is the program code that can be used by a client device, which is JSON code, referenced from line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1) which is constructed at the server by combining the requisite functionality with the necessary data at the time of and in response to the client request. The requisite functionality is

present in the form of attributes such as 'name', 'prodImg', 'longDesc', 'shortDesc' and

'OFPModelSize' (Hollister Exhibit 1: line #3987 - line #4116) corresponding to the data items

present in the program code referenced from line #3987 - line #4116 in Hollister's Source Code

(Hollister Exhibit 1). The functionality provided by the JSON is providing the client device with

the ability to read, write, and/or modify the data associated in the attributes. See the limitations

discussed below. The JSON code can be requested both in a web browser and outside a web

browser using command line software and can execute on the client device (*see, e.g.*, Hollister

Exhibit 2).

35.     Upon information and belief, the one or more applets returned by the Accused

Instrumentality have an associated constituent system comprising a subset of data items which is

included in the response to the client request as data retrieved as a function of the request. One

non-limiting example is the subset of data items such as 'Long-Sleeve T-Shirt Dress',

'188175_04', 'A sporty T-shirt dress made with supersoft knit fabric, featuring a crew neckline

and stripes, Imported', 'Online Exclusive', 'S', etc. referenced from line #3987 - line #4116 in

Hollister's Source Code (Hollister Exhibit 1), that is incorporated and utilized by the program

code for further operations. At least one data item in the applet is a preloaded value. One non-

limiting example is the subset of data items such as 'Long-Sleeve T-Shirt Dress', '188175_04',

'A sporty T-shirt dress made with supersoft knit fabric, featuring a crew neckline and stripes,

Imported', 'Online Exclusive', 'S', etc. referenced from line #3987 - line #4116 in Hollister's

Source Code (Hollister Exhibit 1).

36.     Upon information and belief, the Accused Instrumentality has a further

constituent system associated with the applet having a data interface capability configured as

required by this claim element. The program code referenced from line #3987 - line #4116 in

Hollister's Source Code (Hollister Exhibit 1) comprises attributes such as 'name', 'prodImg',
'longDesc', 'shortDesc' and 'OFPModelSize' (Hollister Exhibit 1: line #3987 - line #4116) that
provide data interface capability by allowing the client to access and use data such as  'Long-
Sleeve T-Shirt Dress', '188175_04', 'A sporty T-shirt dress made with supersoft knit fabric,
featuring a crew neckline and stripes, Imported', 'Online Exclusive', 'S', etc. referenced from
line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1). Furthermore, the
program code is configured to provide a plurality of operations on the preloaded values because
it allows the client device to read, write and/or modify the data referenced from line #3987 - line
#4116 in Hollister's Source Code (Hollister Exhibit 1).

37.     Upon information and belief, the program code provides operations associated
with the subset of the data items because it allows the client device to read, write, and/or modify
the data in the attributes in the dynamic program code referenced from line #3987 - line #4116 in
Hollister's Source Code (Hollister Exhibit 1).

38.     Upon information and belief, the applet is operable to be transferred to the client
device. The above identified code in Hollister's Source Code (Hollister Exhibit 1) is to be sent
by the server over the Internet and received by the client device. One non-limiting example is
executable program code dynamically constructed at the server which can be referenced from
line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1), that is transferred in a
single transmission over a communications link to the client device.

39.     The Accused Instrumentality infringed and continues to infringe claim 17 of the
'111 Patent during the pendency of the '111 Patent.

40.     Claim 22 of the '111 Patent recites a method of processing data according to
claim 17, wherein the communications link comprises a wireless link.

41.     Upon information and belief, the above requested web page may be accessed using a wireless communication link, namely "Wi-Fi", which is commonly used to provide wireless communication at home and business locations to provide access to the Internet and, therefore, the Accused Instrumentality. Similarly, the Accused Instrumentality is accessible using other wireless communication links, such as cellular phone networks like "Edge", "3G", and "WiMAX" operated by numerous well-known service providers.

42.     The Accused Instrumentality infringed and continues to infringe claim 22 of the '111 Patent during the pendency of the '111 Patent.

43.     Claim 23 of the '111 Patent recites a method of processing data according to claim 17 and further comprising manipulating the pre-loaded values using a plurality of operations in the further constituent system associated with the applet, the operations comprising operations specific to the pre-loaded values and wherein the pre-loaded values are non-updateable.

44.     Upon information and belief, the Accused Instrumentality has a capability that further comprises substantially all functionality required by the pre-loaded values. One or more of the executable applets included in the web page includes a data interface capability providing operations to alter the preloaded values to substantially all of their possible states.

45.     Upon information and belief, the Accused Instrumentality has a further constituent system associated with the applet having a data interface capability configured as required by this claim element. The program code referenced from line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1) comprises attributes such as 'name', 'prodImg', 'longDesc', 'shortDesc' and 'OFPModelSize' (Hollister Exhibit 1: line #3987 - line #4116) that provide data interface capability by allowing the client to access and use data such as 'Long-

Sleeve T-Shirt Dress', '188175_04', 'A sporty T-shirt dress made with supersoft knit fabric,

featuring a crew neckline and stripes, Imported', 'Online Exclusive', 'S', etc. referenced from

line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1). Furthermore, the

program code is configured to provide a plurality of operations on the preloaded values because

it allows the client device to read, write and/or modify the data referenced from line #3987 - line

#4116 in Hollister's Source Code (Hollister Exhibit 1). These pre-loaded values are non-

updateable.

46.     The Accused Instrumentality infringed and continues to infringe claim 23 of the

'111 Patent during the pendency of the '111 Patent.

47.     Claim 26 of the '111 Patent recites a method according to claim 17, wherein the

pre-loaded values are non-updateable.

48.     Upon information and belief, the one or more of the executable applets includes

pre-loaded values which are non-updateable. One non-limiting example is the subset of data

items such as 'Long-Sleeve T-Shirt Dress', '188175_04', 'A sporty T-shirt dress made with

supersoft knit fabric, featuring a crew neckline and stripes, Imported', 'Online Exclusive', 'S',

etc. referenced from line #3987 - line #4116 in Hollister's Source Code (Hollister Exhibit 1).

49.     The Accused Instrumentality infringed and continues to infringe claim 26 of the

'111 Patent during the pendency of the '111 Patent.

50.     Upon information and belief, since at least the time of receiving this Complaint,

the Defendant has induced and continues to induce others to infringe at least claims 17, 22, 23,

and 26 of the '111 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific

intent or willful blindness, actively aiding and abetting others to infringe, including but not

limited to Beretta's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claims 17, 22, 23, and 26 of the '111 Patent.

51.     In particular, the Defendant's actions that aid and abet others such as their partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, the Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because the Defendant has had actual knowledge of the '111 Patent and that its acts were inducing infringement of the '111 Patent since at least the time of receiving this Complaint.

52.     On information and belief, the Defendant's infringement has been and continues to be willful.

53.     DYNAMIC has been harmed by the Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DYNAMIC demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DYNAMIC demands judgment for itself and against Defendant as follows:

A.     An adjudication that the Defendant has infringed the '111 Patent;

B.     An award of damages to be paid by Hollister adequate to compensate DYNAMIC for Hollister's past infringement of the '111 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Plaintiff's reasonable attorneys' fees; and

D.      An award to DYNAMIC of such further relief at law or in equity as the Court

deems just and proper.


Dated: December 20, 2017                    DEVLIN LAW FIRM LLC

                                            */s/ Robert Kiddie*_____
                                            Robert Kiddie
                                            Texas Bar No. 24060092
                                            rkiddie@devlinlawfirm.com
                                            Timothy Devlin
                                            tdevlin@devlinlawfirm.com
                                            James M. Lennon
                                            (to be admitted pro hac vice)
                                            1306 N. Broom St., 1st Floor
                                            Wilmington, Delaware 19806
                                            Telephone: (302) 449-9010
                                            Facsimile: (302) 353-4251

                                            *Attorneys for Plaintiff Dynamic Applet
                                            Technologies, LLC*